IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TROY CLARK and TAMIRA SMITH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> P.O. ALBERT D. POWE #18203, and ) <br> CHICAGO POLICE OFFICERS JOHN ) <br> DOE 2-3, individually, and the CITY OF ) <br> CHICAGO, ) <br> ) <br> Defendants. ) | No. 07 C 1616 <br><br> Honorable Charles R. Norgle |
| MARCELO GONZALEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, CHICAGO ) <br> POLICE OFFICERS JOHN DOES 1-3, ) <br> Individually, ) <br> ) <br> Defendants. ) | No. 07 C 5251 <br><br> (Consolidated) |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendant City of Chicago's (the "City") Objection to the Magistrate Judge's Ruling Granting Plaintiff Clark's and Plaintiff Smyth's (collectively, "Plaintiffs") Motion to Compel. The City requests, pursuant to FED. R. CIV. P. 72(a), that the Court vacate the order requiring the City to disclose to Plaintiffs the name of an individual whom the Chicago Police Department ("CPD") identified as a person of interest in an ongoing criminal investigation. For the following reasons, the objection is sustained and the order is vacated.

## BACKGROUND

A. FACTS

Plaintiffs filed the underlying complaint on March 23, 2007, alleging that on March 9, 2007 certain, unnamed individuals purporting to be Chicago Police Officers detained, threatened, battered and robbed the Plaintiffs. Plaintiffs' complaint set off two separate criminal investigations, one by the Area 5 Detective Division of the CPD and the other by the CPD's Internal Affairs Division ("IAD"). Both investigations are currently open and ongoing.

As part of its investigation, the IAD requested that Plaintiff Smyth assist the division by choosing, if possible, a suspected defendant from a photo array. Likewise, the CPD requested that Plaintiff Clark assist the department by identifying a possible defendant through an investigatory line-up. Plaintiff Smyth complied and identified from a photo array Defendant Officer Albert Powe. Plaintiff Clark also complied and identified from the investigatory line-up another individual, whose identity has not yet been released. Shortly after filing suit, the Plaintiffs sought to discover the identities of the unknown defendants, and thus served subpoenas on the IAD and the City's Office of Emergency Management Communications.

In response to Plaintiffs' subpoenas, the City provided Plaintiffs with the name of the Officer identified by Plaintiff Smyth during the photo array. Plaintiffs amended their complaint on August 30, 2007 to add Officer Albert Powe as a defendant. The City advised Plaintiffs, however, that it could not comply with the subpoenas in their entirety because of its ongoing, criminal investigation of the other individual. To that end, the City withheld the name of the individual that Plaintiff Clark identified in the investigatory line-up.

In response, Plaintiffs served the IAD with an additional subpoena for its entire investigatory file. Despite this initial broad request, Plaintiffs later sought only the name of the individual identified by Plaintiff Clark. Nevertheless, the City again refused to provide this

2

information, asserting that it could not produce the individual's name without prejudicing the ongoing, criminal investigation. Plaintiffs, in turn, filed a motion to compel.

## B. Procedural History

Plaintiffs presented their motion to compel before the Magistrate Judge on March 12, 2008. The City asserted, in its defense, the law enforcement investigative privilege. In support, the City expressed concern that if it were to disclose the individual to Plaintiffs, and Plaintiffs were to name him as a defendant in their civil complaint, the individual would then have the opportunity to "destroy evidence, hide evidence, [or] somehow prejudice the investigation going forward." Tr. of Hearing on Mot. ("Hr'g Tr.") at 3-4. The Magistrate Judge doubted this assertion, stating, "I question the notion that merely having somebody named as a defendant in a lawsuit, that act alone is something that is so injurious to an investigation [...]." Id. at 6. The Magistrate Judge also downplayed the effect of naming the individual as a defendant "because it prove[d] too much." Id. at 8. And that by allowing the City to assert the privilege, "basically it would say we should never allow anybody to be sued as long as IAD or the U.S. Attorney's Office or anybody else is investigating. That proves way too much." Id.

The Magistrate Judge ultimately granted Plaintiffs' motion to compel for two reasons. First, the City failed to comply with the procedural requirements to assert the investigatory privilege. And second, even if it had complied, the City did not satisfy its burden to show that the investigatory privilege applied. See id. at 9-10. On March 24, 2008 the City filed its objection to the order, which the parties have fully briefed.

## DISCUSSION

### A. STANDARDS OF DECISION

#### 1. Rule 72(a)

When an objection is made to a magistrate judge's order, that order shall be modified or set aside when the district judge to whom the case is assigned finds it to be clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). Under this standard, although there may be some evidence to support the magistrate judge's decision, the district court can overturn the ruling if on the entire evidence the court is left with the definite and firm conviction that a mistake has been made. Weeks v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 926, 943 (7th Cir. 1997); Thornton v. Brown, 47 F.3d 194, 197 (7th Cir. 1995). But if there are two possible views, the reviewing court should not overturn the decision solely because it would have not chosen the magistrate's view. Am. Motors Corp. v. Great Am. Surplus Lines Ins. Co., No. 87 C 2496, 1988 WL 2788, at *4 (N.D. Ill. Jan. 8, 1988).

#### 2. Law Enforcement Investigatory Privilege

During discovery, the government may withhold information by asserting the law enforcement investigatory privilege, which prohibits the dissemination of evidence and testimony relating to on-going police investigations. U.S. v. Delatorre, 438 F. Supp. 2d 892, 902 (N.D. Ill. 2006) (citing Dellwood Farms, Inc. v. Cargill, Inc., 128 F.3d 1122, 1126 (7th Cir. 1997)). The privilege, in essence, protects those investigations from the harms that might arise from public disclosure of investigatory files. Doe v. Hudgins, 175 F.R.D. 511, 514 (N.D. Ill. 1997) (Denlow, J.) (citing Black v. Sheraton Corp. of Am., 564 F.2d 531, 541 (D.C. Cir. 1977)). But, the investigatory privilege is not absolute; indeed, it can be overridden in appropriate cases by the need for the privileged materials. Dellwood Farms, 128 F.3d at 1125 (citing Tuite v. Henry, 98 F.3d 1411, 1417-18 (D.C. Cir. 1996)). When deciding whether the privilege applies,

4

the district judge, in its discretion, must balance the need of the litigant who is seeking the privileged materials against the harm to the government if the privilege is lifted. Delattore, 438 F. Supp. 2d at 902. Yet, there is a strong presumption against lifting the privilege, particularly where an investigation is open and ongoing. See Dellwood Farms, 128 F.3d 1126.

## B. THE MAGISTRATE JUDGE'S RULING

In this instance, the Magistrate Judge did not convincingly balance Plaintiffs' need of the individual's identity against the harm to the government if the investigatory privilege was lifted. The City was deficient in supporting its requirements to invoke the investigatory privilege. Admittedly, the City did not submit a supporting affidavit or any other affirmative evidence in support of the privilege. Hr'g Tr. at 5-6 (admitting the City's failure to supply the magistrate with an affidavit). At the hearing, the arguments rested on the parties' written submissions and on the Magistrate Judge's brief oral inquiry. As it turned out, the City's arguments were not fully developed before the Magistrate Judge, which, in turn, led to an incomplete consideration of the harm to the government if the City revealed to Plaintiffs the identity of the individual identified by Plaintiff Clark. It has long been recognized that there are various risks to ongoing criminal investigations as a result of premature disclosures of civilians that may or may not be involved in the alleged, illegitimate police activities. Based on this and the entire evidence submitted with the City's objection, the Court is left with a firm conviction that a mistake was made, especially in light of the strong presumption against lifting the investigatory privilege.

## C. WEIGHING THE NEED FOR DISCLOSURE

The City's arguments in favor of the privilege have improved with its objection to the ruling. And while the City's new submission makes but a marginal showing, it does indicate the potential to jeopardize the underlying investigation if the individual identified by Plaintiff Clark is disclosed to the Plaintiffs and, ultimately, to the public. What is more, after considering the

parties' submissions, we find that this potential prejudice to the investigation outweighs the Plaintiffs' need for the City to disclose the identity of the individual in question at this point in the litigation.

Plaintiffs offered to the Magistrate Judge only one reason why the City should be required to disclose the identity of the individual – to name the individual as a Defendant. The Magistrate Judge found this to be harmless. Hr'g Tr. at 7 (stating the issue as "whether it would compromise an ongoing investigation simply to give the plaintiff the identity of a person so that they could change a Doe to a defendant"). But now, Plaintiffs claim that they intend to engage in their own independent investigation to determine whether the scope of the case needs to be expanded. See Pl.'s Resp. at 10. Plaintiffs maintain that they would be unable to develop their claims given the "indefinite delay" that may result if the City invokes the investigatory privilege. Id. In short, Plaintiffs want to proceed with discovery, which is precisely the situation that the investigatory privilege was designed to keep in check. See Dellwood Farms, 128 F.3d at 1125.

There is no sound basis to justify expediting the civil claims in this case in light of an ongoing criminal investigation. This is not a case in which the evidence will spoil. In fact, there is nothing to indicate that Plaintiffs would be unable to investigate their potential claims against this individual once the government completes its investigation and discloses his identity. On the other hand, the potential for harm to the government is much more apparent, while no prejudice to Plaintiffs is shown by the delay.

According to the City's affidavit, Area 5 detectives are investigating the unnamed individual and considering criminal charges against him because of his direct involvement in the events underlying the civil complaint. City's Objection, Ex. A, Hawkins Aff. ("Hawkins Aff.") at ¶¶ 3, 5-6. Thus, if the unnamed individual avoids or disrupts Plaintiffs' civil case, that avoidance and disruption will directly affect the related, criminal investigation. This falls

6

squarely within the law enforcement investigatory privilege's purpose and, thus, within its protection. Hernandez v. Longini, No. 96 C 6203, 1997 WL 754041, at *3 (N.D. Ill. Nov. 13, 1997) ("The purpose of the privilege is [...] to prevent interference with an investigation"). The City has a strong interest in protecting the identity of this individual until it determines that disclosure to the Plaintiffs will not irreparably damage the ongoing criminal investigation. Cases which involve joint ventures amongst civilians and law enforcement personnel to carry out unlawful objectives are routinely prosecuted in the Northern District of Illinois. The importance of the law enforcement investigatory privilege cannot be underestimated. See United States v. Meachum, 182 F.3d 923 (7th Cir. 1999); United States v. Sanders, 962 F.2d 660 (7th Cir. 1992). Accordingly the Court finds, in this instance, that the City has properly invoked the law enforcement investigatory privilege. The requirement that the City disclose the name of the individual identified by Plaintiff Clark is therefore vacated.

Fearing this outcome, Plaintiffs argue that the City voluntarily waived the investigatory privilege when it disclosed Officer Powe's identity. This argument fails, however, because it misapprehends the concept of voluntary waiver. While the Court agrees that the investigatory privilege can be voluntarily waived by a party asserting it, Dellwood Farms, 128 F.3d at 1126, a waiver in this case would only occur if the City had previously disclosed the unnamed individual to a third party, as opposed to Officer Powe. See Wunderlich-Malec Sys., Inc. v. Eisenmann Corp., No. 05 C 4343, 2007 WL 3086006, at *6 (N.D. Ill. Oct. 18, 2007) ("The general rule in cases of waiver is that when a party discloses privileged documents, the [...] privilege is waived 'as to all documents *of the same subject matter.*'") [emphasis supplied]; see also In re H&R Block Mortgage Corp., Prescreening Litigation, No. MDL 1767, 2008 WL 747564, at *2 (N.D. Ind. Mar. 18, 2008) (discussing waiver of the attorney-client privilege and noting that "the waiver applies to all other communications relating to the same subject matter). Under the

waiver doctrine, if the City disclosed the unnamed individual, the City could not invoke the investigatory privilege and then refuse to disclose the unnamed individual to Plaintiffs. But that is not what happened. Here, put simply, the City disclosed, perhaps the obvious, one piece of evidence – Officer Powe – but refused to disclose an entirely different piece of evidence – the unnamed individual – because it was the subject of an ongoing, criminal investigation; hence, it was subject to the investigatory privilege. As such, the City did not waive the privilege with regard to the evidence it refused to disclose in the first place. Again, a disclosure of one piece of evidence does not result in a waiver of the investigatory privilege for another, different piece of evidence. See Viskase Corp. v. Am. Nat'l Can Co., 888 F.Supp. 899, 901 (N.D. Ill. 1995) (holding that waiver extends only to the subject matter of the evidence disclosed). The Court finds that the City did not waive the law enforcement investigatory privilege with regard to the identity of the individual at issue.

## III. CONCLUSION

For the foregoing reasons, Defendant City of Chicago's Objection to Magistrate Judge's Ruling Granting Plaintiff Clark's and Plaintiff Smyth's Motion to Compel is sustained and the order is vacated.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 5/30/08