# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TROY CLARK AND TAMIRA SMYTH, ) | |
| ) | |
| Plaintiffs, ) | Case No. 07 C 1616 |
| ) | |
| v. ) | District Judge Norgle |
| ) | |
| P.O. ALBERT D. POWE # 18203, *at al.*, ) | Magistrate Judge Schenkier |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case arises from an encounter that plaintiffs allegedly had with the defendant officers on March 9, 2007, during which they claim to have been subjected to false arrest and detention, unlawful search and seizure, and excessive force. In the sixth amended complaint, plaintiffs assert a variety of claims under 42 U.S.C. § 1983 and state law.

"Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law." *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (quoting *Hardin v. Straub*, 490 U.S. 536, 538 (1989). Thus, "section 1983 actions litigated in federal courts in Illinois are subject to" the Illinois two-year statute of limitations that applies to personal injury actions. *Jenkins, id.* In this case, the two-year statute of limitations ran its course as of March 9, 2009. The original complaint in this case, as well as all of the amended complaints through the current sixth amended complaint, were filed within the applicable statute of limitations. However, plaintiffs have expressed the concern that there may be other persons who have not yet been identified, but who should be joined as defendants.

Accordingly, on March 9, 2009, prior to the expiration of the statute of limitations period, plaintiffs filed a motion to extend the statute of limitations (doc. # 141). In their memorandum in

support of the motion, plaintiffs argue that due to improper conduct by the City and defendant Powe, "the Plaintiffs have not been able to discover the identities of or name all of the individual defendants alleged to have been involved in this matter within the statute of limitations" (doc. # 149: Pls.' Mem. at 2). Plaintiff argues that as a result of this improper conduct, the Court should toll the statute of limitations for a period of 120 days or estop any newly-added defendants from asserting the statute of limitations as an affirmative defense. *Id.* Defendants deny that there has been any improper conduct, or any other circumstances that warrant giving plaintiffs any protection from the statute of limitations with respect to new defendants they may now seek to add (doc. # 156: Defs.' Joint Resp.).

The Seventh Circuit has held that in Section 1983 actions, federal courts in Illinois borrow both the Illinois statute of limitations and the corresponding Illinois rules on tolling. *Jenkins*, 506 F.3d at 523-34; *see also Shropshear v. Corporation Counsel of the City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001) ("We now hold, in conformity with all the appellate cases in other circuits that have addressed the issue, that the state, rather than the federal, doctrine of equitable tolling governs cases of tolling"). As a general matter, "[e]quitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of a claim." *Shropshear*, 275 F.3d at 595. The analysis required to determine if equitable tolling should be granted is "fact specific." *Powers v. Indiana Dep't of Educ., Div. of Special Educ.*, 61 F.3d 552, 560 (7th Cir. 1995).

The fact specific nature of the equitable tolling inquiry raised for the Court the question of whether plaintiffs' motion is premature. As a result, the Court asked the parties to address "whether any request to extend or toll the statute of limitations should be deferred for consideration only if"

new defendants are joined and if they then assert the statute of limitations as a defense (doc. # 153). We have received the parties' views on this question. Defendants argue that we should not address the question at this time (Defs.' Joint Resp. at 6-7), and plaintiffs agree (doc. # 165: Pls.' Reply at 1-2).[1]

We agree as well. At this time, we do not even have the most basic information necessary for us to determine whether tolling should be granted, such as: (1) the identity of any new defendant(s) whom plaintiffs may seek to add; (2) when and how plaintiffs learned their identities; (3) whether any conduct by defendants caused a delay in plaintiffs' ability to identify the new defendants, and the justification for that conduct; (4) the plaintiffs' diligence in uncovering the identity of the new defendants; (5) the length of time between plaintiffs' identification of new defendants and their actions in seeking to join them as defendants; and (6) whether any new defendants actually assert the statute of limitations as an affirmative defense. All of these facts would be available to the Court *if* plaintiffs later seek to add a new defendant, and *if* any new defendant asserts the statute of limitations as an affirmative defense. A determination based on those kind of concrete facts is more likely to serve equity than is a shot-in-the-dark ruling extending the statute of limitations for an arbitrary period of time.

We note that the same is true under the doctrine of equitable estoppel, which appears to be the basis for plaintiffs' alternative request to bar any newly-added defendants from asserting the statute of limitations. "Equitable estoppel suspends the running of the statute of limitations during

---

[1] The Court's order erroneously referred to the defendants asserting the statute of limitations as a defense to the joinder of new "plaintiffs," when the order should have referred to the joinder of "new defendants." The parties' subsequent briefs nonetheless properly addressed the question of whether we should defer this tolling issue for consideration if new defendants are added.

3

any period in which the defendant took active steps to prevent the plaintiff from suing." *Singletary v. Continental Illinois Nat. Bank & Trust Co.*, 9 F.3d 1236, 1241 (7th Cir. 1993). In order to decide if equitable estoppel applies, we would have to resolve the thicket of accusations and denials the parties trade concerning their respective conduct during discovery. We would then have to decide how that conduct may have adversely affected plaintiffs' ability to identify and add a particular defendant during the limitations period. We also would have to decide whether conduct by the current defendants in the case should be imputed to any new defendants whom plaintiffs may seek to add. We see no good reason to venture into those matters unless and until plaintiffs come forth with one or more new defendants whom they seek to add to the case.

Accordingly, we deny plaintiffs' motion to extend the statute of limitations (doc. # 141), but without prejudice. We have considered plaintiffs' request that we instead stay ruling on the motion (Pls.' Reply at 2). However, if the issue ripens in the future, it will have to be decided based on the facts that have developed leading to the joinder of new defendants, which will best be accomplished by a new motion and set of briefs.

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: April 21, 2009**